```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
_____

ERIC C. MASSIMINO,

                          Plaintiff,      **No. 1:15-cv-01046(MAT)**
                                                    **DECISION AND ORDER**

        -vs-

FIDELITY WORKPLACE SERVICES, LLC,

                          Defendant.
_____

## INTRODUCTION

Proceeding pro se, Eric C. Massimino ("Plaintiff") instituted this action against Fidelity Workplace Services, LLC ("Defendant"), "seeking monetary damages and restitution" based on Defendant's "breach of contract" and "illegal, unfair and unconscionable method of allowing a non-beneficiary, non-involved group of individuals to change the workplace beneficiary designation of twenty-seven year veteran employee Charles Wesley Pascoe [("Decedent")] of Dun and Bradstreet in the months after his death." (Complaint ("Comp.") (Dkt #1) ¶ 1). Plaintiff asserts that Decedent, a resident of Texas at the time of his death on January 8, 2007, intended Plaintiff to be the beneficiary of unspecified "workplace benefits" plans administered by Defendant, and that Defendant improperly honored a fraudulent change-of-beneficiary form submitted by one Andrea Johnson, whom Plaintiff asserts was the executor of Decedent's estate.

Presently before the Court is Defendant's Motion to Dismiss (Dkt #9) the Complaint pursuant to Rule 12(b)(3) and Rule 12(b)(6)

of the Federal Rules of Civil Procedure ("F.R.C.P."). Defendant chiefly argues that Plaintiff's state-law claims are untimely and preempted by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, et seq. ("ERISA"); that the Complaint fails to state any claims upon which relief may be granted; that Plaintiff does not have standing to raise a claim under ERISA; that any claim under ERISA is barred by the statute of limitations; and that venue is improper in the Western District of New York. Plaintiff filed various Responses attaching documentary evidence (Dkt ##12, 15, 20, 21, & 23).

For the reasons discussed below, Defendant's Motion to Dismiss the Complaint is granted.

## STANDARD OF REVIEW

In evaluating a motion to dismiss pursuant to F.R.C.P. 12(b)(6), a court "must view all allegations raised in the complaint in the light most favorable to the non-moving party . . . and 'must accept as true all factual allegations in the complaint.'" Newman & Schwartz v. Asplundh Tree Expert Co., Inc., 102 F.3d 660, 662 (2d Cir. 1996) (quoting Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163 (1993); internal citation omitted). The court is called upon "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985) (citation omitted). In so doing, the

court's consideration is limited to the complaint's factual allegations, which are accepted as true; to any documents attached to the complaint as exhibits or incorporated by reference therein, to any documents either in the plaintiff's possession or of which he had knowledge and relied on in bringing suit, and to matters of which judicial notice may be taken. Brass v. American Film Techs., Inc., 987 F.2d 142, 150 (2d Cir. 1993) (citing Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47-48 (2d Cir. 1991)).

## DISCUSSION

**I.   Preemption of Plaintiff's State Law Claims by ERISA**

ERISA contains an express preemption clause, Section 514(a), that states in relevant part as follows:

> Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan. . . ."

29 U.S.C. § 1144(a). ERISA also contains a saving clause, Section 514(a), 29 U.S.C. § 1144(b)(2)(A); and a "deemer clause," Section 514(b)(2)(A), 29 U.S.C. § 1144(b)(2)(A). The Supreme Court has "summarize[d] the pure mechanics of the[se] provisions[,]" Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 45 (1987) ("Dedeaux"), as follows:

> If a state law 'relate[s] to . . . employee benefit plan[s],' it is pre-empted. § 514(a). The saving clause excepts from the pre-emption clause laws that 'regulat[e] insurance.' § 514(b)(2)(A). The deemer clause makes clear that a state law that 'purport[s] to regulate insurance'

>cannot deem an employee benefit plan to be an insurance company. § 514(b)(2)(B).

Id. (brackets and ellipsis in original).

The Supreme Court repeatedly has "noted the expansive sweep of the pre-emption clause[,]" Dedeaux, 481 U.S. at 47-48 (citations omitted), and has given the phrase "relate to" "its broad common-sense meaning, such that a state law 'relate[s] to' a benefit plan 'in the normal sense of the phrase, if it has a connection with or reference to such a plan.'" Id. (quotations omitted).

Throughout the Complaint, Plaintiff makes reference to Decedent's "workplace benefits," and specifically mentions Decedent's "life insurance, 401-K, stocks and pension plan." (Comp. ¶¶ 1, 18-20, 24, 27, 29-30, 34, 36-38). Pursuant to an order issued by the Court (Arcara, D.J.), Defendant submitted copies of the three employee benefit plans issued to Decedent as an employee of Dun & Bradstreet, and under which Plaintiff claims entitlement to benefits, namely, the Dun & Bradstreet Corporation Welfare Benefit Plan, dated June 2004, which provided employees with life insurance benefits ("the Life Insurance Plan") through a group policy issued by Metropolitan Life Insurance Company; the Profit Participation Plan of the Dun & Bradstreet Corporation dated December 6, 2006 ("the Profit Participation Plan"); and the Dun & Bradstreet Corporation Retirement Account ("the Retirement Plan") (collectively, "the Plans") (See Dkt #19-1 through Dkt #19-4).

Giving the allegations in Plaintiff's pro se Complaint a generous interpretation, the Court finds that he is attempting to assert common law claims under New York law based on breach of contract, fraud, and breach of fiduciary duty. "As to state common law claims, ERISA preempts those that seek 'to rectify a wrongful denial of benefits promised under ERISA-regulated plans, and do not attempt to remedy any violation of a legal duty independent of ERISA.'" Paneccasio v. Unisource Worldwide, Inc., 532 F.3d 101, 114 (2d Cir. 2008) (quoting Aetna Health Inc. v. Davila, 542 U.S. 200, 214 (2004); citation omitted). All of Plaintiff's purported state law claims are premised on the wrongful denial of benefits under one or more of the Plans administered by Defendant, and each would require reference to the particular plan in the calculation of any recovery. Consequently, each of Plaintiff's state law claims "relates to" a covered plan and is preempted by ERISA. See Paneccasio, 532 F.3d at 114 (finding that ERISA preempted early retiree's state-law claims against employer arising from post-retirement termination of "top hat" deferred compensation plan, including breach of contract, bad faith, violation of state unfair trade practices statute, reckless misrepresentation, and tortious interference with contract; each claim "related to" deferred compensation plan, since each was premised on plan's termination and resulting denial of benefits, each made explicit reference to plan, and each would require reference to plan in

calculating any recovery); see also Dedeaux, 481 U.S. at 48 ("The common law causes of action raised in Dedeaux's complaint, each based on alleged improper processing of a claim for benefits under an employee benefit plan, undoubtedly meet the criteria for pre-emption under § 514(a).").

Unless Plaintiff's common law causes of action fall under an exception to § 514(a), they are expressly pre-empted. Dedeaux, 481 U.S. at 48. The Court therefore must determine whether the causes of action are within the scope of ERISA's saving clause, § 514(b)(2)(A), which "excepts from the pre-emption clause laws that "'regulat[e] insurance.'" Id. (quoting 29 U.S.C. 1144(b)(2)(A), ERISA § 514(b)(2)(A)). In making this determination, the Supreme Court has instructed reviewing courts to rely on "'the common-sense understanding of the saving clause, the McCarran–Ferguson Act factors defining the business of insurance, and, *most importantly*, the clear expression of congressional intent that ERISA's civil enforcement scheme be exclusive. . . .'" Aetna Health Inc. v. Davila, 542 U.S. 200, 217 (2004) (quoting Dedeax, 481 U.S. at 57; emphasis in Davila). The Court finds that none of the state common law claims suggested by the allegations in Plaintiff's Complaint can be said to "regulate insurance," based on a common-sense understanding of the phrase "regulates insurance" and on the expansive remedial scope that Congress intended ERISA to have. See, e.g., Star Multi Care Servs., Inc. v. Empire Blue Cross

Blue Shield, 6 F. Supp.3d 275, 291 (E.D.N.Y. 2014) (plaintiff's state breach-of-contract claim is not saved from ERISA preemption) (citing Dedeaux, 481 U.S. at 56; Ky. Ass'n of Health Plans, Inc. v. Miller, 538 U.S. 329, 334 (2003) ("It is well established in our case law that a state law must be "specifically directed toward" the insurance industry in order to fall under ERISA's saving clause; laws of general application that have some bearing on insurers do not qualify.") (citations omitted)). Accordingly, the Court finds that Plaintiff's state law claims are expressly preempted by ERISA and must be dismissed.

**II. Plaintiff Lacks Standing to Sue under ERISA**

As relevant here, ERISA § 502(a)(1)(B) affords a private right of action to a "participant or beneficiary" "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan. . . ." 29 U.S.C. § 1132(a)(1)B). ERISA § 502(a)(3) also provides a private right of action, but it is "a 'catch-all' provision which normally is invoked only when relief is not available under § 502(a)(1)(B)," Wilkins v. Mason Tenders Dist. Council Pension Fund, 445 F.3d 572, 578-79 (2d Cir. 2006). To sue under Section 502(a)(3), the litigant must be "a participant, beneficiary, or fiduciary." 29 U.S.C. § 1132(a)(2). "A party other than the Secretary of Labor who is not among those three enumerated categories in Section 502(a) lacks 'statutory

standing' to bring an ERISA action." Bilello v. JPMorgan Chase Ret. Plan, 592 F. Supp.2d 654, 662 (S.D.N.Y. 2009).

As an initial matter, there is no suggestion that Plaintiff is a "fiduciary" with regard to any of the "workplace benefit" plans issued to Decedent. Nor does Plaintiff make any such allegation.

ERISA defines "participant" as any employee or former employee of an employer, or any member or former member of an employee organization. 29 U.S.C. § 1002(7). Plaintiff does not allege that he is or was an employee of Dun & Bradstreet, and he clearly is not a "participant" in any of the plans at issue. See, e.g., Caltagirone v. N.Y. Cmty. Bancorp., 414 F. Supp.2d 188, 192 (E.D.N.Y. 2006) ("In light of the definition of participant set forth in the statute and interpreted by the Second Circuit and the Supreme Court, the court must hold that Caltagirone is not an ERISA participant and therefore lacks standing to pursue this matter. Caltagirone was never employed by NYCB. He therefore can neither be characterized as an employee in, or reasonably expected to be in, covered employment, nor as a former employees with any claim for benefits."), aff'd, 257 F. App'x 470 (2d Cir. 2007).

With regard to "beneficiary," ERISA defines this term as a person designated by a participant, or by the terms of an employee benefit plan, who is, or may become, entitled to a benefit under the plan. 29 U.S.C. § 1002(8). When the Court looks beyond the Complaint to certain documents that are properly considered in

ruling a F.R.C.P. 12(b)(6) motion, it is compelled to conclude that Plaintiff cannot plausibly allege he is a "beneficiary" for purposes of having standing to sue under ERISA.

First, the Court notes that Plaintiff submitted two letters sent to him by Defendant; these are attached to the Complaint as Exhibit Q. See, e.g., Kalyanaram v. Am. Ass'n of Univ. Professors at N.Y. Inst. of Tech., Inc., 742 F.3d 42, 44 n.1 (2d Cir.) ("In ruling on a 12(b)(6) motion, . . . a court may consider the complaint as well as any written instrument attached to the complaint as an exhibit or any statements or documents incorporated in it by reference.") (alteration and internal quotation marks omitted)), cert. denied, 135 S. Ct. 677 (2014).  In the letters, Defendant informed Plaintiff that because he was not "the account holder, designated beneficiary, or estate representative," he could not be provided with any information regarding Decedent's accounts with Defendant. (Comp., Ex. Q, pp. 52-53).

Second, as noted above, Defendant has submitted copies of the Plans themselves, as well as copies of the change-of-beneficiary-designation forms connected with the Plans. (Dkt #19). The Court properly may consider these documents, which are essential to Plaintiff's claims. See Guo v. IBM 401(k) Plus Plan, No. 13-CV-8223(KMK), 2016 WL 4991666, at *1 n. 1 (S.D.N.Y. Sept. 15, 2016) ("Because the Plan document, the beneficiary designation form, and the various letters between [p]laintiff's

counsel and the Plan Fiduciaries are also incorporated by reference and are essential to [p]laintiff's claims, the [c]ourt properly considers these documents as well.") (citing Kalyanaram, 742 F.3d at 44 n.1; Winfield v. Citibank, N.A., 842 F. Supp.2d 560, 568 n.3 (S.D.N.Y. 2012) (explaining that "[t]he [c]ourt [could] properly consider the [p]lan and the [s]ummary [p]lan [d]escription on [the] motion to dismiss because they [were] essential to the plaintiffs' ERISA claims and incorporated by reference into their complaint"); DeSilva v. N. Shore-Long Is. Jewish Health Sys., Inc., 770 F. Supp. 2d 497, 545 n.22 (E.D.N.Y. 2011) (stating that "the [c]ourt may consider the plan documentation submitted by [the] defendants . . . because the plaintiffs' claims [were] based upon the ERISA plans and the plan documents plainly [were] integral to [the] plaintiffs' complaint")). Following a search of its records, Defendant submitted a Declaration (Dkt #19) attaching copies of the relevant ERISA-governed employee benefit plans ("the Plans") issued to Decedent (Dkt #19-1 to 19-7). Defendant's records custodian avers that there only two beneficiary designation forms relative to the benefits plans issued to Decedent, and both forms indicate that Decedent was not married. Plaintiff, on the other hand, alleges that Decedent was married to his first cousin, Leslie Pascoe, who predeceased him, and that Andrea Johnson, the alleged executory of Decedent's estate, was related to Leslie Pascoe. (Comp. ¶ 6).

-10-

The most recent form, dated December 22, 2006, designated the "Estate of Charles W. Pascoe" as the primary beneficiary of all benefits available under the Plans. The earlier form, dated March 8, 1998, named "JoNell Sughrue" as his primary beneficiary for all benefits available under the Plans. (See Dkt #19-6). In other words, there is no indication that Plaintiff ever was named as a beneficiary of any death benefits payable under any of the Plans issued to Decedent.

Moreover, even if Plaintiff is correct that the change-of-beneficiary form designating Decedent's estate is, indeed, invalid, Plaintiff is not in the category of individuals to whom death benefits under any of the Plans are payable in the event there is no designated beneficiary. First, under the Life Insurance Plan, "[i]f there is no Beneficiary designation or no surviving Beneficiary," the beneficiary is determined "according to the following order: 1. [The employee's] Spouse, if alive; 2. [The employee's] child(ren), if there is no surviving Spouse; 3. [The employee's] parent(s), if there is no surviving Child; 4. [The employee's] sibling(s), if there is no surviving Parent; or 5. [The employee's] estate, if there is no surviving sibling. . . ." (Dkt #19-2, p. 68). Plaintiff is not a spouse, child, parent, or sibling of Decedent; nor does he allege that he has ever been a representative of Decedent's estate.

Second, under the Profit Participation Plan, if there are no beneficiaries designated by the Plan account holder, the amount payable "shall be paid . . . to the legal representative of the [account holder]'s estate." (Dkt #19-3, p. 28). Again, as noted above, Plaintiff does not allege that he has ever been a representative of Decedent's estate.

Third, the Retirement Plan provides that if the employee has not made a "valid" beneficiary designation election at the time of his or her death,

> then the benefits shall be paid as a single life annuity to the person with the shortest life expectance[sic] in the class consisting of such person or persons to whom the personal administrator of the [employee] . . . would be required to distribute the estate of the [employee] . . . if such [employee] . . . had died intestate, as determined under applicable state law.

(Dkt #19-4, § 6.2).

The Complaint alleges that Decedent was a resident of Texas when he died on January 8, 2007. Under Texas intestacy law as in effect at the time of Decedent's death, if an individual dies "intestate, leaving no husband or wife," the individual's property "shall descend and pass in parcenary to his kindred, male and female, in the following course:

> 1. To his children and their descendants.
>
> 2. If there be no children nor their descendants, then to his father and mother, in equal portions. But if only the father or mother survive the intestate, then his estate shall be divided into two equal portions, one of which shall pass to such survivor, and the other half shall pass to the brothers and sisters of the deceased, and to

-12-

> their descendants; but if there be none such, then the whole estate shall be inherited by the surviving father or mother.
>
> 3. If there be neither father nor mother, then the whole of such estate shall pass to the brothers and sisters of the intestate, and to their descendants.
>
> 4. If there be none of the kindred aforesaid, then the inheritance shall be divided into two moieties, one of which shall go to the paternal and the other to the maternal kindred, in the following course: To the grandfather and grandmother in equal portions, but if only one of these be living, then the estate shall be divided into two equal parts, one of which shall go to such survivor, and the other shall go to the descendant or descendants of such deceased grandfather or grandmother. If there be no such descendants, then the whole estate shall be inherited by the surviving grandfather or grandmother. If there be no surviving grandfather or grandmother, then the whole of such estate shall go to their descendants, and so on without end, passing in like manner to the nearest lineal ancestors and their descendants.

Tex. Prob. Code Ann. § 38(a) (West) (eff. until Dec. 31, 2013); repealed by Acts 2009, 81st Leg., ch. 680, § 10(a) (eff. January 1, 2014). The law of intestacy in Texas thus demands a "kindred" (i.e., blood) relationship to a decedent in as a prerequisite to granting a right of inheritance. See id.; see also Tex. Prob. Code Ann. § 41(a) (West) (eff. until Aug. 31, 2007) ("No right of inheritance shall accrue to any persons other than to children or lineal descendants of the intestate, unless they are in being and capable in law to take as heirs at the time of the death of the intestate."); id. § 41(b) (eff. until Aug. 31, 2007) ("In situations where the inheritance passes to the collateral kindred of the intestate, if part of such collateral be of the whole blood,

and the other part be of the half blood only, of the intestate, each of those of half blood shall inherit only half so much as each of those of the whole blood; but if all be of the half blood, they shall have whole portions."). In other words, an alleged in-law, such as Plaintiff, has no right of inheritance under Texas intestacy law.

"Courts have consistently read [29 U.S.C.] § 1132(a)(3) as strictly limiting 'the universe of plaintiffs who may bring certain civil actions.'" Connecticut v. Physicians Health Servs. of Connecticut, Inc., 287 F.3d 110, 121 (2d Cir. 2002) (quotation omitted). Moreover, a court "cannot expand the congressionally-created statutory list of those who may bring a cause of action [under ERISA] by importing third-party prudential considerations." Am. Psychiatric Ass'n v. Anthem Health Plans, Inc., 821 F.3d 352, 360 (2d Cir. 2016). "ERISA carefully enumerates the parties entitled to seek relief under [§ 502(a)(3)]; it does not provide anyone other than participants, beneficiaries, or fiduciaries with an express cause of action. . . ." Franchise Tax Bd. of the State of Calif. v. Constr. Laborers Vacation Tr., 463 U.S. 1, 27 (1983). Because Plaintiff is neither a "participant," nor a "fiduciary," nor a "beneficiary," he lacks statutory standing to bring an ERISA action. See id.

**CONCLUSION**

For the reasons discussed above, Defendant's Motion to Dismiss (Dkt #9) is granted, and the Complaint (Dkt #1) is dismissed. The Clerk of Court is directed to close this case.

**SO ORDERED.**

S/Michael A. Telesca

　　　　　　　　　　　HON. MICHAEL A. TELESCA
　　　　　　　　　　　United States District Judge

Dated:   November 23, 2016
         Rochester, New York.